IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY CO., a/s/o DONALD HIMLIN, <br>         Plaintiff, <br><br> v. <br><br> TWIN STAR HOME, <br>         Defendant. | Civil No. 5:20-cv-03973-JMG |

MEMORANDUM OPINION

**GALLAGHER, J.**                                                                 August 18, 2021

Plaintiff State Farm Fire & Casualty Co. ("State Farm"), as subrogee of Donald Himlin, brings this product liability suit against Defendant Twin Star International, Inc. ("Twin Star").[1] State Farm alleges that Twin Star manufactured an electric stove heater that caused a fire at Himlin's home. Pursuant to Federal Rule of Civil Procedure 56, Twin Star moves for summary judgment on product identification grounds. For the reasons discussed below, the motion will be denied.

**I.     BACKGROUND**

On May 11, 2020, a fire erupted at Donald Himlin's home. *See* Def.'s Statement of Facts ¶ 1, ECF No. 29-3 [hereinafter "DSOF"]. The fire allegedly resulted in substantial damage to Himlin's property. Compl. ¶ 13, ECF No. 1.

At the time of the fire, Himlin maintained a homeowner's insurance policy with State Farm. *Id.* ¶ 3. State Farm claims that the fire was prompted by a defective electric stove heater designed,

---

[1] Defendant indicates that it is improperly named as "Twin Star Home" in the caption. The parties shall confer and determine whether a motion to amend the case caption is appropriate.

manufactured, and sold by Twin Star. *Id.* ¶ 12; *see also* DSOF ¶¶ 3–4. Indeed, remnants of a heater were found at the home. *See* DSOF ¶ 5.

Sometime before the fire, Himlin purchased the heater at a garage sale. *Id.* ¶¶ 35–36. He did not retain the box or owner's manual for the product. *Id.* ¶¶ 37, 40. But after the fire, Himlin and his wife performed a Google image search and identified their heater as a DuraFlame unit. *See* Pl.'s Resp. to Def.'s Statement of Facts ¶ 38, ECF No. 30-6 [hereinafter "PRSOF"] ("Mr. & Mrs. Himlin matched their unit to a DuraFlame photo independently, without interference from any party to this litigation."); DSOF ¶ 38 ("Mr. and Mrs. Himlin found the DuraFlame photo on [G]oogle as the only matching unit.").

Both parties retained experts to investigate the fire. Plaintiff's expert, Robert Greuter, concluded that the heater at issue was very similar to a DuraFlame DFS-450-2, which is manufactured by Twin Star.[2] PRSOF ¶ 18. "When asked in his deposition for the bases for his conclusion, Mr. Greuter explained that the back plate, the blower and heater assembly, and the overtemperature devices all matched the DuraFlame DFS-450-2." *Id.*

Defendant's expert, Samuel Sudler, III, concluded that Himlin's heater was not a DuraFlame product. DSOF ¶¶ 18–19. At his deposition, Sudler emphasized that the subject

---

[2] Plaintiff also retained Paula Furlong, a product identification specialist, to examine the heater. Both parties attached her expert report to their briefing. The problem, though, is that Furlong's report is not sworn. "The Court therefore cannot consider it on a motion for summary judgment." *Wodarczyk v. Soft Pretzel Franchise Sys., Inc.*, No. 2:12-cv-3874, 2013 WL 5429299, at *4 (E.D. Pa. Sept. 30, 2013); *see also Fowle v. C & C Cola, a Div. of ITT-Cont'l Baking Co.*, 868 F.2d 59, 67 (3d Cir. 1989) ("The substance of this report was not sworn by the alleged expert. Therefore, the purported expert's report is not competent to be considered on a motion for summary judgment."); *Deuber v. Asbestos Corp. Ltd.*, No. 2:10-cv-78931-ER, 2011 WL 6415339, at *1 n.1 (E.D. Pa. Dec. 2, 2011) ("This Court has previously held that an unsworn expert report cannot be relied upon to defeat a motion for summary judgment."); *United Nat'l Ins. Co. v. Indian Harbor Ins. Co.*, 160 F. Supp. 3d 828, 841 (E.D. Pa. 2016).

heater: (1) did not bear an aluminum DuraFlame emblem;[3] and (2) contained different electrical components and wiring than an exemplar DuraFlame unit. *Id.* ¶¶ 19–25.

**II.   STANDARD**

Summary judgment is properly granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Facts are material if they "might affect the outcome of the suit under the governing law." *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute as to those facts is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 248). While we "view all the facts in the light most favorable to the nonmoving party," *id.* (internal quotation marks and citation omitted), "'[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions' not to be resolved by the court at summary judgment." *Smith v. NMC Wollard, Inc.*, No. 19-5101, 2021 WL 3128674, at *2 (E.D. Pa. July 23, 2021) (quoting *Anderson*, 477 U.S. at 255).

The party moving for summary judgment must first "identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."

---

[3]   Though the emblem was not found at the scene, Defendant emphasizes that *another* aluminum component—the heater's fan blades—survived the fire. DSOF ¶ 21. This does not mean, as Defendant suggests, that Himlin's heater never bore a DuraFlame emblem or that it was a counterfeit product. *See, e.g.*, Def.'s Mem. Summ. J. 9, ECF No. 29-2. Notably, Defendant acknowledges the possibility that the heater had a DuraFlame emblem at some point or another. DSOF ¶ 39. And, "[a]s admitted by Defendant's expert, there is nothing that effectively prevents a consumer from removing the DuraFlame emblem." PRSOF ¶ 28. The absence of a Duraflame emblem is therefore not dispositive of product identification.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  In response, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted).  "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Anderson*, 477 U.S. at 252); *see also Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) ("In this respect, summary judgment is essentially 'put up or shut up' time for the non-moving party . . . .").

### III.   DISCUSSION

State Farm brings claims for negligence, strict liability, and breach of warranty.[4]  Central to all three claims is product identification.  "Under Pennsylvania law, a plaintiff must establish, as a threshold matter, 'that [his or her] injuries were caused by a product of the particular manufacturer or supplier.'" *Blystone v. Owens Ill., Inc.*, No. 18-1165, 2020 WL 375886, at *3 (E.D. Pa. Jan. 22, 2020) (quoting *Eckenrod v. GAF Corp.*, 544 A.2d 50, 52 (Pa. Super. Ct. 1988)); *see also Kleiner v. Rite Aid Corp.*, No. 17-3975, 2017 WL 4765329, at *3 (E.D. Pa. Oct. 20, 2017); *Payton v. Pa. Sling Co.*, 710 A.2d 1221, 1225–26 (Pa. Super. Ct. 1998).  "Where a plaintiff fails to come forward with evidence to demonstrate that the defendant's products caused plaintiff's injuries, summary judgment in favor of the defendant is appropriate." *Dick v. Am. Home Prods. Corp.*, No. 1:05-cv-2384, 2009 WL 1542773, at *3 (M.D. Pa. June 2, 2009) (citing *Eckenrod*, 544 A.2d at 52).

Twin Star requests summary judgment because "Plaintiff has failed to adequately identify the product at issue as having been manufactured by Twin Star."  Def.'s Mem. Summ. J. 5, ECF

---

[4]   The parties agree that Pennsylvania law applies here.

No. 29-2. State Farm maintains that it has marshaled "a host of colorable evidence showing the subject heater to be in many ways similar . . . to a DuraFlame product manufactured by Defendant." Pl.'s Opp'n 9, ECF No. 30-5.

The parties rely on competing case law. On one end of the spectrum is *Chelton v. Keystone Oilfield Supply Co., Inc.*, 777 F. Supp. 1252 (W.D. Pa. 1991). There, the plaintiff fell from an oil rig "when the snap hook holding him to the climber's assist cable broke." *Id.* at 1253. He sued the alleged manufacturer of the hook, who then moved for summary judgment on product identification grounds. *Id.* at 1254. Despite the absence of "air tight" proof concerning product identification, there was "more than colorable" evidence linking defendant to the hook. *Id.* at 1255. Indeed, the word "Germany" appeared on the hook, and defendant was one of only two German manufacturers of snap hooks. *Id.* "[W]hile not conclusive," this evidence was enough to "raise a significant question of fact" and preclude the entry of summary judgment. *Id.*

On the other end of the spectrum is *Mathai v. K-Mart Corp.*, No. Civ. A. 05-1336, 2006 WL 166521 (E.D. Pa. Jan. 20, 2006). There, the plaintiffs suffered injuries after a power strip that they had purchased from K-Mart caught fire. *Id.* at *1. Taking the position that the manufacturer of the power strip could not be identified, plaintiffs "named as defendants all entities known to have sold power strips to K-Mart during the relevant time period." *Id.* One of the defendant-manufacturers moved for summary judgment on product identification grounds. *Id.* The court granted the motion. *Id.* at *4–5. It emphasized that "all of the evidence . . . cut[] against [defendant] as the manufacturer of the power strip." *Id.* at *5. Plaintiffs did "not even attempt[] to refute [defendant's] arguments," and failed to adduce *any* "evidence in [their] favor to survive summary judgment." *Id.*; *cf. DeWeese v. Anchor Hocking Consumer & Indus. Prods. Grp.*, 628 A.2d 421, 423 (Pa. Super. Ct. 1993) (affirming entry of summary judgment for defendants where

there was "simply no evidence tending to establish that the [product] involved in th[e] case was manufactured by" defendants).

To be sure, this case falls somewhere between *Chelton* and *Mathai*. Nevertheless, we cannot say that Himlin utterly failed to establish the existence of a factual dispute, like the plaintiffs in *Mathai*. Himlin identified his heater as a DuraFlame unit in written discovery. Def.'s Mem. Ex. E, at 2, ECF No. 29-9. And his expert identified several similarities between the subject heater and a DuraFlame DFS-450-2. *See* PRSOF ¶ 18.

At its core, then, this case presents a battle of the experts. This "typically precludes the granting of a motion for summary judgment." *Nelson v. Am. Honda Motor Co., Inc.*, No. 1:18-cv-000210, 2021 WL 2877919, at *5 (W.D. Pa. May 17, 2021) (citations omitted). Twin Star may disagree with Himlin's expert and is certainly entitled to challenge the quality of Himlin's evidence. But any "issues of credibility and weight of the evidence are properly reserved for [the] trier of fact." *Smith*, 2021 WL 3128674, at *4 (citation omitted); *see also O'Donnell v. Big Yank, Inc.*, 696 A.2d 846, 850 (Pa. Super. Ct. June 18, 1997) ("At trial [defendants] can offer a defense which seeks to prove that [plaintiff] has misidentified them as responsible parties. . . . This evidence can all be presented before a jury, which can accept or reject it.").

Overall, the evidence against Twin Star may not be "conclusive," but, when viewed in the light most favorable to State Farm and Himlin, it suffices to survive summary judgment. *Chelton*, 777 F. Supp. at 1255. By crediting Greuter's testimony and Himlin's discovery responses, a reasonable jury could find that Twin Star manufactured the subject heater. Summary judgment is therefore inappropriate.

## IV. CONCLUSION

There are triable issues of fact concerning product identification, so Twin Star's motion for summary judgment must be denied. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge